In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00042-CV


______________________________




TEXAS CAPITAL SECURITIES, INC., ET AL., Appellants



V.



J. D. SANDEFER, III, AND STEPHEN F. SMITH, Appellees




 


On Appeal from the 280th Judicial District Court


Harris County, Texas


Trial Court No. 97-62171




 




Before Morriss, C.J., Ross and Cornelius,* JJ.


Opinion by Justice Cornelius


*William J. Cornelius, C.J., Retired, Sitting by Assignment



O P I N I O N



 Texas Capital Securities, Inc., appeals the trial court's denial of Texas Capital's
motion to deem a liability judgment satisfied. The issue presented is whether a joint
tortfeasor is entitled to a credit for the amount of a post-verdict, bankruptcy court
settlement between the plaintiff and a codefendant. Texas Capital asks this Court to
reduce the liability award against it by the bankruptcy settlement amount between the
plaintiffs and one of its codefendants in the underlying cause of action. For the reasons
set forth below, we reverse the trial court's judgment and remand the case to the trial court
for further proceedings consistent with this opinion.

A. Background

 J. D. Sandefer, III, and Stephen F. Smith (collectively referred to herein as
Sandefer) bought stock in Titan Resources, Inc., at the urging of Stephen Johnson, a stock
broker for Texas Capital. The Titan stock eventually plummeted, and Sandefer sued Titan,
Texas Capital, Johnson, and Butch Ballow (a stock promoter who worked with Johnson to
sell the stock) for common-law and statutory fraud. The plaintiffs' petition alleged the
defendants knowingly and recklessly made false and material misrepresentations intended
to persuade Sandefer to buy the stock. Sandefer further alleged violations of the Texas
Securities Act. Defendants Johnson and Titan settled out of the suit before trial. Tex.
Capital Sec., Inc. v. Sandefer, 58 S.W.3d 760, 767-68 (Tex. App.-Houston [1st Dist.] 2001,
pet. denied). 

 At trial, the jury found against the remaining defendants, finding Texas Capital and
Ballow had defrauded the plaintiffs. Id. The jury held all four defendants jointly and
severally liable for the value of the plaintiffs' stock purchases totaling $359,063.25. Id. The
jury also found Texas Capital solely liable for $61,000.00 in attorney's fees and
$77,287.01 in prejudgment interest. Additionally, Ballow was found solely liable for
$8,000,000.00 in punitive damages, plus postjudgment interest. On direct appeal, the First
Court of Appeals affirmed the judgment based on the jury's verdict. Id. at 780.

 Almost two years after the securities fraud verdict, Ballow settled his obligations to
Sandefer in federal bankruptcy court. In the settlement, Ballow agreed to (1) pay the
plaintiffs' attorney's fees and legal costs, (2) make an initial $600,000.00 payment, and (3)
issue a promissory note secured by real property deeds to be held in trust by the
bankruptcy court for the remainder of the settlement amount. The bankruptcy settlement
did not state whether the settlement represented payment for punitive damages or
fulfillment of Ballow's joint obligations with Texas Capital.

 Texas Capital subsequently filed a motion with the state trial court asking that
Texas Capital's liability for the judgment in the case at bar be reduced by the amount of
Ballow's bankruptcy settlement with Sandefer. The trial court denied the request; Texas
Capital appealed. The Texas Supreme Court subsequently transferred the appeal of the
instant matter to this Court. See Tex. Gov't Code Ann. § 73.001, et seq. (Vernon 1998 &
Supp. 2003). 

B. Standard of Review

 A trial court's determination of the existence of, or the amount of, a settlement credit
is reviewed for an abuse of discretion. Goose Creek Consol. Indep. Sch. Dist. v. Jarrar's
Plumbing, Inc., 74 S.W.3d 486, 504 (Tex. App.-Texarkana 2002, pets. denied [2 pets.]). 

C. Analysis

 Texas Capital contends it should be discharged from its obligation based on the
"one satisfaction rule," or in the alternative, be given a settlement credit for any amount,
if any, that was allocated to the portion of damages for which Texas Capital and Ballow
were held jointly and severally liable. On the other hand, Sandefer argues that Chapter 33
of the Texas Civil Practice and Remedies Code controls, and under the applicable
provisions of that chapter, Texas Capital is not entitled to a settlement credit because the
settlement was effectuated after the charge was submitted to the jury, and indeed, long
after judgment.

 First, Chapter 33 does not apply in this case. Section 33.002 sets forth the
applicability of Chapter 33, and it provides that Chapter 33 only applies to "any cause of
action based on tort in which a defendant, settling person, or responsible third party is
found responsible for a percentage of the harm for which relief is sought." Tex. Civ. Prac.
& Rem. Code Ann. § 33.002(a) (Vernon Supp. 2003) (emphasis added). Texas Capital and
Ballow were held jointly and severally liable; therefore, by its express terms, Chapter 33
is not applicable. (1) 

 On the other hand, the Texas Supreme Court has recently held that when
codefendants are found to be jointly and severally liable and one defendant settles, the
nonsettling defendant is entitled to a settlement credit based on the one satisfaction rule
to the extent the settlement was allocated to joint and several damages. Crown Life Ins.
Co. v. Casteel, 22 S.W.3d 378, 392 (Tex. 2000). In Casteel, the jury returned a verdict
holding Casteel jointly and severally liable with Crown for damages in the amount of
$1,366,983.00. After the verdict but before the judgment was rendered, Crown settled with
the plaintiffs in exchange for Crown's dismissal and for an assignment of the plaintiffs' right
to collect judgment from Casteel. Subsequently, judgment was rendered against Casteel
for $1,366,983.00, and Casteel claimed it was entitled to a settlement credit based on the
one satisfaction rule. In response, Crown argued that Casteel was not entitled to a
settlement credit because any credit given must first be assessed against damages Crown
would have been solely liable for had a settlement not been reached. The Texas Supreme
Court held that Crown's argument was unfounded. When a defendant settles after the
verdict but before the judgment is rendered, the trial court should look to the judgment that
was actually rendered before applying established principles governing settlement credits,
and in accordance with the one satisfaction rule, the nonsettling defendant is entitled to a
credit for any settlement amount that can be traced to the joint and several damages. Id.

 In the present case, the trial court found Texas Capital and Ballow jointly and
severally liable for damages in the amount of $359,063.25, and Ballow settled with the
plaintiffs, postjudgment, paying in excess of $600,000.00. In Casteel, the Texas Supreme
Court found that, when codefendants are held jointly and severally liable and one
defendant settles, any settlement credit given to the nonsettling defendant should be
assessed against the judgment that was actually rendered. Id. Therefore, Texas Capital,
as the nonsettling defendant, is entitled to a settlement credit based on the judgment
rendered in the underlying lawsuit, regardless of when Ballow settled.

 However, before Texas Capital can obtain a settlement credit, there must be a
determination of how much of the settlement was allocated to the joint and several
damages portion of the judgment. It is well settled that the nonsettling defendant may only
claim a credit based on the damages for which he was held jointly and severally liable. Id.
at 391; First Title Co. v. Garrett, 860 S.W.2d 74, 78 (Tex. 1993). Further, defendants may
not receive credits for settlement amounts representing punitive damages. Mobil Oil Corp.
v. Ellender, 968 S.W.2d 917, 927 (Tex. 1998). Therefore, the nonsettling defendant is
entitled to a credit in the amount that settlement was intended to satisfy the joint and
several damages portion of the judgment. 

 In order to reach such a determination, Texas Capital, as the nonsettling defendant,
has the burden of proving the total amount of the settlement. See Goose Creek Consol.
Indep. Sch. Dist. v. Jarrar's Plumbing, Inc., 74 S.W.3d at 501. Once Texas Capital meets
its burden, the burden would shift to Sandefer, who would be obligated to present evidence
showing whether any of the settlement proceeds were used to satisfy the joint and several
portion of the judgment. See Crown Life Ins. Co. v. Casteel, 22 S.W.3d at 392. If it is
determined that a portion of the settlement was used to satisfy the joint and several
damages, Texas Capital is entitled to a settlement credit in that amount. 


 For the reasons stated, we reverse the trial court's judgment and remand the case
to the trial court for a determination on how much of the settlement proceeds were used
to satisfy the joint and several damages portion of the judgment.



 William J. Cornelius*

 Justice



*Chief Justice, Retired, Sitting by Assignment



Date Submitted: August 5, 2002

Date Decided: March 26, 2003

1. Further, even if Chapter 33 were applicable, it does not preclude a settlement credit
merely because settlement was effectuated after the case was submitted to the jury. 
Under the provisions set forth therein, a codefendant who settles after the case has been
submitted to the jury is no longer considered to be a settling person. Tex. Civ. Prac. & Rem.
Code Ann. § 33.011(5) (Vernon 1997). However, this merely affects the manner in which
a settlement credit is administered. If a party settles post-submission, the nonsettling
defendant is entitled to a credit based on Section 33.013, as opposed to the formula
provided in Sections 33.012 and 33.014 for presubmission settlements. Tex. Civ. Prac. &
Rem. Code Ann. §§ 33.012, 33.013, 33.014 (Vernon 1997); Knowlton v. United States
Brass Corp., 864 S.W.2d 585, 596-98 (Tex. App.-Houston [1st Dist.] 1993), aff'd in part
and rev'd in part on other grounds sub nom. Amstadt v. United States Brass Corp., 919
S.W.2d 644 (Tex. 1996). 


riority="60" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Shading Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00211-CR

                                                ______________________________

 

 

                              BRIAN CHADWICK MARTIN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 1122187

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Brian
Chadwick Martin has filed a notice of appeal. 
We have now received the certification of Martins right of appeal as
required by Tex. R. App. P.
25.2.  That certification states that
Martin waived his right of appeal.

            Unless a
certification, showing that a defendant has the right of appeal, is in the
record, we must dismiss the appeal.  See Tex.
R. App. P. 25.2(d).  Because the
trial courts certification affirmatively shows that Martin has waived his
right of appeal, and because the record before us does not reflect that the
certification is incorrect, see Dears v.
State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss the
appeal.

            Martin has
also filed a motion to dismiss his appeal. 
The motion is signed by Martin and by his counsel in compliance with
Rule 42.2(a) of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 42.2(a).  As authorized by Rule 42.2, we grant the
motion.  See Tex. R. App. P. 42.2.

            We
dismiss the appeal.

 

 

                                                                                    Bailey
C. Moseley

                                                                                    Justice

 

Date Submitted:          January
4, 2012

Date Decided:        January 5, 2012

 

Do Not Publish